Stephen R. Lueke, Bar No. 115906
slueke@fordharrison.com
Michelle Brauer Abidoye, Bar No. 232782
mabidoye@fordharrison.com
FORD & HARRISON, LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone:  (213) 237-2400

Paul R. Beshears, Admitted Pro Hac Vice
pbeshears@fordharrison.com
Georgia State Bar No. 055742
FORD & HARRISON, LLP
271 17th Street NW, Suite 1900
Atlanta, GA  30363
Telephone:  (404) 888-3800

Attorneys for Respondent
LOS ROBLES REGIONAL MEDICAL CENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIU UNITED HEALTHCARE WORKERS WEST,<br><br>Petitioner,<br><br>v.<br><br>LOS ROBLES REGIONAL MEDICAL CENTER,<br><br>Respondent. | CASE NO.  2:12-cv-9387 R (SHx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date:      March 18, 2013<br>Time:     10:00 a.m.<br>Courtroom: 8 – 2nd Floor |

## STATEMENT OF UNCONTROVERTED FACTS

1.     Petitioner, SEIU United Healthcare Workers West (the "Union"), and Respondent, Los Robles Regional Medical Center (the "Hospital"), are parties to a collective bargaining agreement ("CBA") that is effective from January 21, 2011 to March 31, 2014.

2.     The Union filed a grievance on October 5, 2011, that alleged the "Stationary Engineers have been demoted to a new[ly] created position (Boiler

-1-   [PROPOSED] STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSION OF LAW
CASE NO. 2:12-CV-9387 R (SHx)

Attendant) [and] pay has been cut significantly."

3. On October 24, 2011, Edwin Valdez, Representative for the Union, inquired whether Jonathan Berke, the Hospital's Director of Labor Relations, would be willing to move the grievance directly to Step 3 (arbitration).

4. On October 24, 2011, Berke informed Valdez that the Hospital would not agree to move the grievance to arbitration because the Union had not provided any information to explain how the grievance was grieveable and arbitrable since Article 22 of the CBA specifically excludes decisions regarding reductions in staff from the arbitration procedure of the CBA.

5. On November 9, 2011, the Hospital's Director of Facilities Management, Patrick Smith, advised Valdez in writing that the matter was "not subject to the grievance and arbitration procedure of our CBA" because the Union's grievance fell within Article 22, not Articles 32, 44, and 60 as alleged by the Union.

6. On November 28, 2011, Valdez requested a Step 2 meeting to discuss the grievance.

7. On December 2, 2011, Berke advised Valdez that he was declining to process the grievance because the grievance was "neither grievable nor arbitrable."

8. On December 15, 2011, Valdez advised Berke that the Union was moving the grievance to next step (arbitration).

9. On December 15, 2011, Berke advised Valdez that he was declining to process the grievance.

10. Petitioner filed this action on September 20, 2012.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under § 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185.

2. Petitioner's Petition to Compel Arbitration is brought pursuant to and governed by § 301.

3. A petition to compel arbitration brought pursuant to § 301, is subject to a six-month statute of limitations. *Teamster Union Local 315 v. Great Western Chemical Co.*, 781 F.2d 764 (9th Cir. 1986).

4. "[T]o start the statute of limitations running, an unequivocal, express rejection of the union's request for arbitration must be communicated to the union." *Local Joint Executive Bd. v. Exber, Inc.* 994 F.2d 674, 676 (9th Cir. 1993).

5. Respondent Los Robles Regional Medical Center (the "Hospital") unequivocally and expressly rejected the Union's request to arbitrate on December 2, 2011.

6. The statute of limitations with respect to the Union's Petition to Compel Arbitration expired on June 2, 2012.

7. The Union's Petition to Compel Arbitration was not filed until September 20, 2012 and is, therefore, barred by the statute of limitations.

8. Summary judgment in favor of the Hospital is appropriate as to the Union's Petition to Compel Arbitration.

IT IS SO ORDERED.

Dated: _April 1, 2013__                    _____
                                           HON. MANUEL L. REAL
                                           U.S. DISTRICT COURT JUDGE